IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Adam M. Hansan, )
 )
    Plaintiff, )
 )
v. ) Case No. 1:09cv558(GBL)
 )
Fairfax County Public School )
Board, )
 )
    Defendant. )

## Memorandum Opinion

THIS MATTER is before the Court *sua sponte*. This case concerns Plaintiff Adam M. Hansan's claims against Defendant Fairfax County Public School Board for discrimination based on race, color, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As of December 2009, Plaintiff had yet to properly serve Defendant with a summons issued by this Court, although the United States District Court for the District of Maryland transferred the case to this Court in May 2009. On January 15, 2010, the Court issued a Show Cause Order directing Plaintiff to show cause as to why his case should not be dismissed for failure to timely serve Defendant. In response, Plaintiff argues that he timely served Defendant by certified mail while the case was pending in Maryland and that he had good cause for the delay in service after transfer because he did not have local counsel and was therefore essentially proceeding *pro se*.

There are three issues before the Court. The first issue is whether Plaintiff properly served Defendant Fairfax County School Board where Plaintiff originally filed the Complaint in Maryland in October 2008, the Maryland court transferred the matter to this Court for lack of personal jurisdiction in May 2009, and Plaintiff served its Amended Complaint on Defendant in January 2010. The second issue is, if service was untimely, whether Plaintiff had good cause for the untimely service under Federal Rule of Civil Procedure 4(m). The third issue is whether the Court should, in its discretion, find excusable neglect and extend the Rule 4(m) deadline.

The Court dismisses Plaintiff's Complaint without prejudice for three reasons. First, the Court finds that service was untimely because the unperfected service attempted while the case was pending in Maryland was insufficient to satisfy Rule 4(m). Second, the Court finds that Plaintiff fails to establish good cause for the untimely service because Plaintiff took no affirmative action to serve Defendant within an appropriate period after transfer to this Court. Third, the Court declines to grant a discretionary extension under Rule 4(m) because Plaintiff's conduct in failing to serve Defendant and the length of the delay do not support a finding of excusable neglect.

I. BACKGROUND

On October 24, 2008, Plaintiff filed the Complaint against Defendant in the United States District Court for the District of Maryland. (Dkt. No. 1.) On May 18, 2009, following Defendant's motion to dismiss for lack of personal jurisdiction, the district court granted the motion in part, dismissed the case against Defendant Susan Garrison, and transferred the matter to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). (Dkt. No. 13.)

On June 29, 2009, this Court granted Mr. David Olslund, Sr.'s request to appear *pro hac vice* on behalf of Plaintiff. (Dkt. No. 15.) However, according to Mr. Olslund, the attorney who moved for his admission *pro hac vice* later decided not to participate in the case, thereby leaving Plaintiff without local counsel. Plaintiff and Mr. Olslund then began looking for local counsel. Finally, in "late 2009", Mr. Mark Epstein agreed to serve as local counsel. On November 10, 2009, Mr. Epstein filed a Notice of Appearance in this matter. (Dkt. No. 18.)

On December 22, 2009, the Court conducted a telephone status conference to determine the status of the case. As of that date, Plaintiff had yet to properly serve Defendant. Based on representations made during the status conference, the Court directed Plaintiff to file his Amended Complaint no later than December 29, 2009, and serve the Amended Complaint by January 20,

2010, both without prejudice to the Defendant to later challenge the untimely service. Plaintiff served Defendant on January 15, 2010, almost fifteen months after filing the Complaint. Also on January 15, 2010, this Court ordered Plaintiff to show cause as to why this matter should not be dismissed for failure to timely perfect service. (Dkt. No. 23.) The Court now considers Plaintiff's response to the Show Cause Order.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after the filing of the complaint, or the Court must either dismiss the matter without prejudice or order that service be accomplished in a specified time. FED R. CIV. P. 4(m). However, a court must extend the 120 day period if the plaintiff can show good cause for his failure to timely serve the defendant. FED R. CIV. P. 4(m).

Good cause can be shown where a plaintiff was diligent in his attempts to serve the defendant and/or the defendant purposely avoided receipt of service. *See Geiger v. Allen*, 850 F.2d 330 (7th Cir. 1988) (finding that the plaintiff displayed good cause in showing diligence in pursuit of defendant who was missing); *United States v. Nuttall*, 122 F.R.D. 163 (D. Del. 1988) (holding that Plaintiff had good cause when Defendant purposely avoided service). To establish good cause, "the plaintiff must have taken some affirmative action to effectuate service of

process upon the defendant or have been prohibited, through no fault of his own, from taking such an affirmative action." *Vincent v. Reynolds Mem. Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992).

However, "[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause." *See id; see also T&S Rentals v. U.S.*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996) (holding that "good cause" does not exist if, among other things, the delay in service is attributable to attorney inadvertence and not to external factors that would reasonably stifle a plaintiff's due diligence"); *United States ex. Rel. Shaw Envtl., Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526 528 (E.D. Va. 2005) ("Mistake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m).").

III. ANALYSIS

 A. *Service of the Complaint under Rule 4(m)*

The Court holds that Plaintiff's attempts to serve Defendant were not effective under Rule 4(m) because the District Court of Maryland did not have personal jurisdiction over Defendant. Rule 4(m) requires a plaintiff to serve a defendant within 120 days of the complaint being filed with the court, or the complaint must either be dismissed without prejudice or the court may order that

service be accomplished within a specified time. FED R. CIV. P. 4(m). This is so because,

> [b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.

*Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (internal quotation marks omitted). A summons may be served as allowed by the law of the forum state, however, service is not proper where it does not comply with the terms of the forum court's law. *See* FED R. CIV. P. 4(e)(1); *Omni Capital*, 484 U.S. at 108.

Consequently, "[p]reviously unperfected personal jurisdiction does not attach in a transferee district court until a summons issued by that court is properly served." *Harding v. Williams Prop. Co.*, No. 96-2713, 1998 WL 637414, at *4 (4th Cir. Aug. 31, 1998) (citing *Buggs v. Ehrnschwender*, 968 F.2d 1544 (2d Cir. 1992). In other words,

> [t]ransfer of a case pursuant to 28 U.S.C. § 1406 does not confer personal jurisdiction upon the court receiving the case. Transfer only makes personal jurisdiction in the new district possible. . . . A court receiving a case pursuant to a transfer under § 1406 acquires personal jurisdiction only if the plaintiff serves the defendants over whom the original court lacked jurisdiction with a proper summons and complaint.

*Wilson v. St. Mary's Hosp.*, 822 F. Supp. 1450, 1451 (D. Minn.

1993) (citations and quotations omitted).

Here, Plaintiff argues that he properly served Defendant while his case was still pending in Maryland and thus satisfied the service requirements of Rule 4. The Court rejects this argument because the service was not proper as the Maryland federal district court had no basis for asserting personal jurisdiction over Defendant. As the Maryland district court found,

> [Defendant] does not have sufficient systematic and continuous contacts with Maryland to justify a finding of general jurisdiction. Indeed, the Court is perplexed by Plaintiff's assertion that [Defendant], a Virginia governmental entity, can be sued in the District of Maryland for any cause of action (as general jurisdiction allows) merely because Defendant purchases items from Maryland, recruits employees from Maryland, and has some employees that opt to live in Maryland. These contacts fall far short of the systematic and continuous contacts necessary to support a finding of general jurisdiction.

(Dkt. No. 13.)[1] As such, any service attempted in Maryland was ineffective under Rule 4(e)(1) because "[s]ervice by a method provided by the law of a forum state is effective only if the courts of the forum state could acquire personal jurisdiction using that same method." *Harding*, 1998 WL 637414, at *11 (citing *Omni Capital*, 484 U.S. at 108). As such, Plaintiff failed to timely serve Defendant in accordance with Rule 4(m).

---

[1] The Maryland court likewise found no basis to assert specific jurisdiction over Defendant "as the conduct that gave rise to this lawsuit occurred in Virginia." (Dkt. No. 13.)

7

*B. "Good Cause" for Failure to Comply with Rule 4(m)*

The Court finds that Plaintiff fails to establish good cause as to why service was not timely perfected under Rule 4(m). Rule 4(m) states that a court must extend the period within which a plaintiff must serve a defendant if the plaintiff shows good cause for the failure. FED R. CIV. P. 4(m). Good cause is generally a result of diligent action of the plaintiff in an attempt to serve the defendant. *See Reliable Tax*, 212 F. Supp. 2d. 592; *see also T&S Rentals*, 164 F.R.D. at 425.

Even if a plaintiff perfects service while his case is pending in a court in the forum state, Rule 4 requires a plaintiff to serve a defendant with a summons issued by the transferee court within an appropriate period after transfer of the case. *See Harding*, 1998 WL 637414, at *4 ("[Federal Rule of Civil Procedure] 4(a) strongly implies that service of a summons issued by the transferee court is a prerequisite to personal jurisdiction."). However, after transfer, a court will extend Rule 4(m)'s service period for an appropriate period for good cause shown. *See* FED. R. CIV. P. 4(m); *Harding*, 1998 WL 637414, at *15.

Here, Plaintiff argues that he has established good cause for the untimely service because he was essentially proceeding *pro se* from the time of the transfer until "late in 2009" and was therefore unable to obtain a summons for service of process.

8

First, although Rule 4(m) allows 120 days for service, that period runs *from the date that the complaint is filed*; Rule 4(m) contemplates that service after transfer will occur more quickly. *See Harding*, 1998 WL 637414, at *15-16 ("In the case of a transfer after protracted but diligent litigation . . . there would rarely if ever be a need for a 120-day period."). Even after transfer to this Court, Plaintiff took over seven months to serve Defendant, almost twice the 120-day period allowed for service under Rule 4(m). The Court finds that Plaintiff's argument fails to establish good cause for extending the filing deadline by more than three times the deadline provided for by the Federal Rules.

Second, even if the Court accepted Plaintiff's argument that he proceeded "*pro se*" for a number of months, as Plaintiff concedes, *pro se* status alone is insufficient to establish good cause. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Jones v. Citibank*, 414 F. Supp. 2d 411 (S.D.N.Y. 2006) (holding that a *pro se* plaintiff's mistaken belief that service was proper did not amount to good cause). At no point did Plaintiff request an extension from the Court or apprise the Court of any obstacles to his ability to serve Defendant. He thus fails to establish good

cause.

Third, the Court finds it implausible that Plaintiff was diligent in his attempts to acquire local counsel after his case was transferred to this Court. According to Plaintiff, he and his former *pro hac vice* counsel engaged in a "mad scramble" to locate new local counsel, but the Court finds it unlikely that, in diligently searching, Plaintiff could not find new counsel until roughly five months later. Instead, it appears to this Court that Plaintiff's case stood largely forgotten by him until the Court took affirmative steps to determine the status of the case. Such conduct does not satisfy Rule 4(m)'s good cause requirement.

C. *Discretionary Extension of Rule 4(m) Deadline*

The Court declines to use its discretion to extend the Rule 4(m) deadline because the Court finds that Plaintiff's conduct does not demonstrate circumstances that constitute excusable neglect. "Generally speaking, in determining whether to dismiss the complaint for a violation of Rule 4(m), the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Giacomo-Tano v. Levine*, No. 98-2060, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999). Where an extension is requested outside of the 120 day period, courts will look to Federal Rule of Civil Procedure 6(b)(1)(B) to determine whether "the party failed to act because of excusable neglect." FED R.

10

Civ. P. 6(b)(1)(B).

Here, nothing in Plaintiff's conduct demonstrates excusable neglect. Plaintiff filed the Complaint in Maryland in October 2008. As noted by the Maryland court, it is unclear why Plaintiff thought that court had personal jurisdiction over Defendant. After transfer to this Court, Plaintiff's case stood dormant for several months. On June 10, 2009, Defendant contacted Plaintiff regarding the case and offered to discuss waiver of formal service but received no response. (Def.'s Mem. Ex. B.) Likewise, the Clerk's Office notified Plaintiff that a summons would not issue to a foreign attorney and that Plaintiff needed to account for the summonses previously issued in Maryland before a summons would issue from this Court. Plaintiff failed to address either issue for several months. Local counsel entered an appearance on Plaintiff's behalf on November 10, 2009, but Plaintiff still had yet to act in the case until after the Court ordered a December 22, 2009, status conference and directed Plaintiff to file and serve his Amended Complaint within a set period without prejudice to Defendant to later contest the untimely service. Plaintiff served Defendant on the last possible day allowed under the Court's Order. The Court finds that Plaintiff demonstrated neglect, but not excusable neglect warranting an extension under Rule 4(m).

IV. CONCLUSION

The Court dismisses Plaintiff's case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff failed to timely serve Defendant and has failed to establish good cause for the untimely service or that it was due to excusable neglect. Accordingly, it is hereby

ORDERED that this case be and is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 30th day of April, 2010.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia